**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 20-cv-0049-WJM-MEH

LIGHTSPEED RUNNING & REHABILITATION SYSTEM, LLC,

      Plaintiff,

v.

LEVER, LLC,

      Defendant.

---

**ORDER DENYING DEFENDANT'S AMENDED EARLY MOTION FOR**
**PARTIAL SUMMARY JUDGMENT OF NO INFRINGEMENT**

---

      Plaintiff Lightspeed Running & Rehabilitation System, LLC ("Lightspeed") owns the rights to United States Patent No. 9,370,680 (the "'680 Patent"). On January 7, 2020, Lightspeed filed the Complaint against Defendant Lever, LLC ("Lever") alleging: (1) infringement of the '680 Patent; and (2) active inducement of infringement of the '680 Patent. (ECF No. 1.) On March 16, 2020, Lever filed the Answer and Counterclaims, including: (1) declaratory judgment of invalidity; and (2) declaratory judgment of non-infringement. (ECF No. 25.) On April 6, 2020, Lightspeed answered the Counterclaims. (ECF No. 37.)

      On April 2, 2020, United States Magistrate Judge Michael E. Hegarty entered the Scheduling Order in a Patent Case. (ECF No. 36.) In relevant part, the Scheduling Order set the last claim construction briefing deadline for December 17, 2020; the fact discovery deadline for March 21, 2021; the expert discovery deadline for June 1, 2021; and the dispositive motions deadline for July 2, 2021. (*Id.* at 6–7.)

Under WJM Revised Practice Standard III.E.2, "no later than 30 days after entry of the initial scheduling order, a party may also file one early motion for partial summary judgment . . . ." In accordance with WJM Revised Practice Standard III.E.2, on May 2, 2020, Lever filed its Amended Early Motion for Partial Summary Judgment of No Infringement ("Motion"). (ECF No. 39.) In the Motion, Lever argues that there is no basis for finding infringement as a matter of law.[1] (*Id.* at 15.)

On May 7, 2020, Lightspeed filed Plaintiff's Motion Under Fed. R. Civ. P. 56(d), arguing that the Motion was premature, as little or no discovery had taken place and neither party had yet conducted claim construction in accordance with the Scheduling Order. (ECF No. 41 at 1.) In the Declaration of Dustin R. DuFault, DuFault, one of Lightspeed's attorneys, explained that the probable facts unavailable to Lightspeed included: responses to at least Plaintiff Interrogatories Nos. 4, 5, and 11–13; documents responsive to at least Plaintiff Document Request Nos. 6, 11, and 16; a specimen of Defendant's "Lyte-V Package" product;[2] and deposition testimony of Lever. (ECF No. 41-1 at 2.) On May 8, 2020, the Court denied Lightspeed's Rule 56(d) motion, finding it "is not a basis for an independent motion" and directing Lightspeed to raise these issues in the response brief to the corresponding summary judgment motion. (ECF No. 43.)

---

[1] Lever notes that even if the Court ruled in its favor on the Motion, the case would not be over; the remaining issue for litigation would be Lever's counterclaims for declaratory judgment that the '680 Patent is invalid and unenforceable. (ECF No. 39 at 15.)

[2] In the Movant's Statement of Material Facts, Lever explains that: "For purposes of this motion, there are effectively two versions of the Lever Product that Lightspeed has accused of infringement. Exh. F. The first version ("Ver.1") consists of the "Lyte-V Package" and the second version ("Ver.2") consists of the "LEVER Package" and the "LV1 Package." Ognibene Decl. at ¶¶ 9–11." (ECF No. 39 at 5 ¶ 16.) In response, Lightspeed denies this fact "for lack of knowledge," as "Defendant has not yet responded to Plaintiff's discovery requests." (ECF No. 44 at 2 ¶ 16.)

Consistent with the Court's Order, on May 22, 2020, Lightspeed filed a response in opposition (ECF No. 44), again raising its Rule 56(d) arguments.  Lightspeed reiterates that Lever had not yet responded to its discovery requests, and the responses were not due until after Lightspeed's response to the Motion was due.  (ECF No. 44 at 5.)  Specifically, information sought in those discovery requests included, among other things, copies of any patent applications covering the accused products.  (*Id.*) Lightspeed avers that such information may be helpful in its claim construction analysis, including determining whether Lever has taken inconsistent positions regarding how it has presently construed certain terms in its Motion.  (*Id.*)  In addition, Lightspeed had not yet received a sample of the Lyte-V Package (the first version of Lever's accused product).  Without the sample, Lightspeed states it had no opportunity to inspect the first version in light of the assertions raised in the Motion.  (*Id.*)  Therefore, Lightspeed argues that "[w]ithout having received responses to its discovery requests, nor the 'first version' of Defendant's product, Plaintiff is unable to present facts essential to justify its opposition to Defendant's Motion."  (*Id.* (citing Fed. R. Civ. P. 56(d)).)

For support, Lightspeed submits the Declaration of Dustin R. DuFault In Support of Plaintiff's Opposition to Defendant's Early Motion for Partial Summary Judgment. (ECF No. 44-1.)  DuFault reiterates the discovery deficiencies, the early stages of claim construction briefing, and the lack of a sample of the Lyte-V Package product.  (*Id.* at 2.) Further, he explains the past steps Lightspeed has taken to obtain the required information.  (*Id.*)

In its reply, Lever briefly responds to Lightspeed's concerns regarding the status of discovery at the time Lightspeed's response to the Motion was due.  (ECF No. 45 at 5.)  Lever states that

> Although Lightspeed asserts additional discovery is needed, Lightspeed does not identify any specific discovery requests other than generally bemoaning not having a physical sample of the Lyte-V product ("Ver.1") that Lever discontinued last year and no longer has in stock—even though Lightspeed had already analyzed and accused that very same product of infringement in its August 23, 2019 letter, and in its Infringement Contentions and Amended Infringement Contentions.

(*Id.*)

Despite Lever's statements, the Court finds that Lightspeed's concerns have merit.  Under Rule 56(d),

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

The Federal Circuit has found a district court's summary judgment order of noninfringement premature in similar situations.  For example, in *Baron Services, Inc. v. Media Weather Innovations, LLC*, the Federal Circuit found that a district court "prematurely granted summary judgment of noninfringement to [a defendant]."  717 F.3d 907, 914 (Fed. Cir. 2013.)  The Federal Circuit noted that it was improper for the district court to have refused the plaintiff's request to delay ruling on the defendant's motion for summary judgment until the plaintiff had the opportunity to access the defendant's

source code and depose an employee and the president of the defendant.  *Id.* at 913. Similarly, the plaintiff in *Baron* appeared "to have diligently pursued that discovery."  *Id.* at 914.  The Federal Circuit concluded that the district court's decision to rule on the motion for summary judgment and deny the plaintiff's request under Rule 56(d) to delay ruling on the summary judgment motion was an abuse of its discretion.  *Id.*; *see also Metro. Life Ins. Co. v. Bancorp Servs., L.L.C.*, 527 F.3d 1330, 1338 (Fed. Cir. 2008) (reversing district court refusal to grant Rule 56(d) motion when discovery sought was the principal opportunity to contradict statements in declarations that a district court treated as truthful and dispositive).

Here, Lightspeed has sufficiently demonstrated that at the time it filed its response to the Motion, it lacked sufficient discovery to "present facts essential to justify its opposition."  Fed. R. Civ. P. 56(d).  Lightspeed has diligently pursued discovery, and the fact that Lightspeed did not have one of two versions of the accused products and had yet to depose Lever is of particular concern.  In addition, the Court has not yet construed the claims at issue in this case.  In sum, the Court finds that Lever's Motion is premature.

Accordingly, Lever's Amended Early Motion for Partial Summary Judgment of No Infringement (ECF No. 39) is DENIED without prejudice.

Dated this 1st day of February, 2021.

BY THE COURT:

William J. Martinez
United States District Judge